**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIRGINIA LORRAINE BAKKER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No. 20-35959

D.C. No. 3:18-cv-01080-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted November 19, 2021
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and KORMAN,[**] District
Judge.

Virginia Lorraine Bakker appeals from the district court's order affirming a

decision of an administrative law judge (ALJ) denying her benefits under Titles II

and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

and we affirm.

We review de novo the district court's judgment upholding the denial of benefits, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), and will reverse an ALJ's decision to deny benefits "only if the decision 'contains legal error or is not supported by substantial evidence,'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

Bakker argues that the ALJ erred in rejecting the opinions of non-examining physicians who identified certain limitations on her mental capacity. With regard to Bakker's understanding and memory, both doctors opined that Bakker "is able to understand and carry out simple 1–2 step tasks" but "[h]as difficulty with detailed tasks." Their assessment of her sustained concentration and persistence capabilities was similar but slightly better: Bakker "is able to understand and carry out simple 1–2 step tasks on a consistent basis" and "[c]an do occasional detailed/complex tasks but not on a consistent basis due to anxiety and depression." The ALJ accepted those findings and incorporated them into Bakker's residual functional capacity as follows: "She is able to understand, remember, and carry out tasks of occupations that have an SVP of 1 or 2"—a different but not inherently incompatible description of Bakker's capacity.

The only indication that the ALJ rejected the limitations on understanding and concentration was that the residual functional capacity included a different

2

metric from that used by the physicians and, based on this residual functional capacity, the vocational expert testified that Bakker could perform certain jobs arguably inconsistent with the non-examining physicians' assessments. But ALJs have some leeway in "translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). And while the vocational expert proposed jobs requiring a generalized education development reasoning level of two, which is inconsistent with a limitation to 1–2 step tasks, *id.* at 1002–03, the physicians' opinions did not dictate a categorical restriction to only 1–2 step tasks. We conclude that the ALJ's statement of Bakker's residual functional capacity—and, thus, her conclusion that Bakker is not disabled—was supported by substantial evidence.

**AFFIRMED.**